IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RALPH ARISMENDEZ and §
ELIA MARTIN §
　 §
　 §
Plaintiffs §
vs. §
　 §
COASTAL BEND COLLEGE, BEATRIZ §     Civil Action No.
ESPINOZA, PRESIDENT, LAURA §
FISCHER, CARROLL LOHSE, VICTOR §
GOMEZ, MARTHA WARNER, JEFF §
MASSENGILL, GEORGE P. MORRILL III, §
ANDREW A. ARTHUR,  ALL IN THEIR §
OFFICIAL CAPACITY AS MEMBERS §
OF THE BOARD OF TRUSTEES OF §
COASTAL BEND COLLEGE DISTRICT **§**

Defendants

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, Ralph Lee Arismendez and Elia Martin (hereinafter referred to as "Plaintiffs"), and files this Original Complaint complaining of Defendants, Coastal Bend College, Dr, Beatrice Espinoza, Current President, Laura Fischer, Carroll W. Lohse, Victor Gomez, Martha Warner, George P. Morrill III, Jeff Massengill, and Andrew A. Arthur, each in their official capacities as members of the Coastal Bend College System Board of Trustees (hereinafter referred to as "Defendants"), and in support thereof would show the Court as follows:

## I.

## INTRODUCTION

1.    Coastal Bend College is a statewide recognized college in Texas.

1

2. During the latest semester (Fall 2016), 77% of Coastal Bend College's students were minority, as opposed to 23% of white Anglo students.

3. There are significant numbers of Latino citizens in the district that live geographically close to one another throughout the Bee County area.

4. The Coastal Bend College Board has seven members who are elected at-large.

5. Despite large numbers of Latino citizens residing in the County, few Latino candidates have ever been elected to the Board. Most of those that have served began their term by an initial appointment to a vacant position and then retained their seat through an unopposed election cycle. Some were challenged by other minorities candidates.

6. Despite large numbers of Latino citizens residing in the county, few Latino candidates have been elected to the Board. Within the past eight years, Latino candidates were predominately defeated in the elections where an Anglo supported candidate prevailed. Of the last five Latino Trustees to resign their positions, the remaining predominately Anglo Board, replaced their vacant seats with Anglo Trustees in four of the five occasions. Since the inception of the Coastal Bend College District in 1968, there has been a total of 28 Trustees that were either elected or appointed. Of the 28, only 10 were minorities, and of those 10 less than one-half were elected by the voting electorate as opposed to being appointed to the position. The total number of years of attributable service by Anglo Trustees is 274, as compared to the total years of attributable service of Latino Trustees which is a cumulative total of 89 years. That accounts for a mere 25% of the years that minorities have held Board Positions as compared to 75% of the years held by Anglo Trustees.

7. The at-large election scheme, as opposed to a single member district system, has the effect of preventing Latino citizens and other minorities from electing and retaining the candidates of their choice.

8. The at-large election scheme was developed with the purpose, and has the effect, of minimizing and reducing the voting strength of minority populations in the Coastal Bend College voting area.

9. Plaintiffs, as minority residents and citizens of the Coastal Bend College District bring this suit, under the Voting Rights Act and other federal laws, in order to establish a single-member election district system in the Coastal Bend College District.

## II.

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 1357, and 2284; and pursuant to 42 U.S.C. §§ 1973 & 1973j(f). Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201, 2202, and 2284, as well as by Rules 57 and 65 of the Federal Rules of Civil Procedure. Venue is proper pursuant to 28 U.S.C. §§ 1391(b).

## III.

## PARTIES

11. Plaintiffs are citizens and registered voters residing in the Coastal Bend College District service area. Plaintiffs have standing to bring this action under 42U.S.C.§1983 to redress injuries suffered through the deprivation, under color of state law, of rights secured by the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973, 1973c, and by the United States Constitution.

12. Plaintiff Ralph Arismendez is a Latino citizen of the United States and is a resident of the Coastal Bend College District. Plaintiff, Ralph Arismendez is registered to vote in BEE County at this address: 212 E. Sarah St., Beeville, Texas 78102.

13. Plaintiff Elia Martin is a Latino citizen of the United States and is a resident of Coastal Bend College District. Plaintiff, Elia Martin, is registered to vote in BEE County at her address: 1021 Blue Crest Lane, Beeville, Texas 78102.

14. Defendant COASTAL BEND COLLEGE DISTRICT, is a state chartered institution of higher education. Coastal Bend College's headquarters are located at 3800 Charco Road, Beeville, Texas 78102 and it may be served with process at this address through its Board President or College President. Defendant has campuses in Beeville, Alice, Kingsville and Pleasanton, Texas.

15. Defendant, COASTAL BEND COLLEGE, may be served with process at 3800 Charco Road, Beeville, Texas 78102 by Serving the President, Dr. Beatriz Espinoza.

16. Defendant, LAURA FISCHER, is sued in her official capacity as a Coastal Bend College Board of Trustee member. She may be served at 3800 Charco Road, Beeville, Texas 78102

17. Defendant, CARROLL W. LOHSE, is sued in his official capacity as a Coastal Bend College Board of Trustee member. 3800 Charco Road, Beeville, Texas 78102

18. Defendant, MARTHA WARNER, is sued in her official capacity as a Coastal Bend College Board of Trustee member. She may be served at 3800 Charco Road, Beeville, Texas 78102.

19. Defendant, VICTOR GOMEZ, is sued in his official capacity as a Coastal Bend College Board of Trustee member. He may be served at 3800 Charco Road, Beeville,

Texas 78102.

20.     Defendant, GEORGE P. MORRILL, III, is sued in his official capacity as a Coastal Bend College Board of Trustee member. He may be served at 3800 Charco Road, Beeville, Texas 78102.

21.     Defendant, JEFF MASSENGILL, is sued in his official capacity as a Coastal Bend College Board of Trustee member. He may be served at 3800 Charco Road, Beeville, Texas 78102.

22.     Defendant, ANDREW A. ARTHUR, is sued in his official capacity as a Coastal Bend College Board of Trustee member. He may be served at 3800 Charco Road, Beeville, Texas 78102.

23.     Every ten years, under U.S. Constitution, Art. I, Sec. 2, Cl. 3, a federal census is performed.

24.     The latest census figures demonstrate the total population within the Coastal Bend College District is 31,861 people, of which 44% are Anglo and 56% are Latino, African American and other minority.

25.     The Coastal Bend College District, by its own calculations has a Fall 2016 Enrollment of 5,042 Students.  Seventy-Seven (77%) of those students are Latino, African American or other minority in comparison to Anglo Students that account for only 23%.

26.     The Coastal Bend College student population has grown approximately 43% in the last three years,

27.     The voting population in the Coastal Bend College District is highly racially polarized.

5

28.     The Latino citizen voting population sufficiently large and geographically compact to constitute a majority in a single-member district.

29.     The Latino citizen voting population is politically cohesive.

30.     The Anglo majority votes sufficiently as a bloc to enable it - in the absence of special circumstances - usually to defeat the minority's preferred candidate or measure.

31.     There is a lack of proportional representation by minority supported candidates.

32.     Plaintiffs can prove they are entitled to relief under a "totality of circumstances" utilizing the factors the Supreme Court has laid out in Village of Arlington Heights  v. Metropolitan Housing Development Corp, 429 U.S. 252 (1977)).

## V.

## CLAIMS

### Count 1

33.     Plaintiffs reallege the facts set forth above.

34.     The Coastal Bend College's at-large voting scheme (the Plan) violates Section  2 of the Voting Rights Act, 42 U.S.C. § 1973, in that, under the totality of the circumstances, Plaintiffs and minority voters are denied an equal opportunity to participate effectively in the political process and to elect candidates of their choice to the Board of Trustees. The Plan also violates Section 2 of the Voting Rights Act, 42 U.S.C. §1973, because, under the totality of circumstances, Plaintiffs and minority voters are denied an equal opportunity to participate effectively in the political process and to have any meaningful or significant influence in elections for Members of the Board of Trustees.

**Count 2**

35. Plaintiffs reallege the facts set forth above.

36. The Plan violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it intentionally discriminates against Latino and other minority persons by denying Plaintiffs and these voters an equal opportunity to participate in the political process, to elect candidates of their choice to the Board of Trustees, and to have any meaningful or significant influence in elections for members of the Board of Trustees.

**VI.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court:

1. Assume jurisdiction of this action.

2. Issue a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202 andFederal Rules of Civil Procedure Rule 57, declaring that the at-large election scheme for Board of Trustees of Coastal Bend College District: (1) dilutes the voting strength of minority voters (Latinos and other minorities) in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and in violation of the Equal Protection Clause; (2) is an unconstitutional election system in violation of the First and Fourteenth Amendments to the United States Constitution and Article I of the United States Constitution; and (3) cannot be administered in elections any longer.

3. Issue preliminary and permanent injunctions enjoining the Defendants, their agents, employees, and those persons acting in concert with them, from enforcing

or giving any effect to an at-large election system, including enjoining Defendants from conducting any elections for the Board of Trustees for Coastal Bend College District utilizing the Plan.

4. Issue preliminary and permanent injunctions requiring the Defendants, their agents, employees, and those persons acting in concert with them, to call and hold an election for all seven trustee positions, at the earliest available uniform election date under state law, utilizing a lawful and constitutional single member district election map.

5. Make all further orders as are just, necessary, and proper to ensure complete compliance with this Court's Declaratory and injunctive orders in this case.

6. Issue an order requiring Defendants to pay Plaintiffs' costs, expenses and reasonable attorneys' fees incurred in the prosecution of this action, as authorized by the Civil Rights Attorneys' Fees Awards Act of 1976, 42 U.S.C. § 1988

7. Grant such other and further relief as it seems is proper and just.

Respectfully submitted,

The Law Office of Sid Arismendez, P.C.
604 N. Washington
Beeville, Texas 78102
Tel: (361) 358-0600
Fax: (361) 358-0602
sidarismendezlaw@yahoo.com

By: /s/ Sid Arismendez
SID ARISMENDEZ
Federal Bar No. 680229
State Bar No.24008750
Attorney for Plaintiff